UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **08 CR 10.2.6.8 WGY** |
| | : | CRIMINAL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| FRANK RAGO, and | : | |
| LOUIS DESISTO | : | 18 U.S.C. § 1027 |
| | : | 18 U.S.C. § 1519 |
| | : | 29 U.S.C. § 439(a) |
| Defendants. | : | 29 U.S.C. § 439(c) |
| | : | |

## INDICTMENT

The Grand Jury charges that:

### General Allegations

1. Boston Line & Service Company (hereinafter "Boston Line") was a Massachusetts corporation which was engaged in the business of shipping services in the Commonwealth of Massachusetts and at locations outside the Commonwealth of Massachusetts and was an employer of employees employed in an industry affecting interstate and foreign commerce within the meaning of Sections 142, 152, 186, and 402 of Title 29, United States Code.

2. The International Longshoremen's Association (hereinafter "ILA") was a labor organization in which employees who were employed in an industry affecting commerce, that is, the shipping industry, participated through their local unions and other subordinate bodies of the ILA and which existed for the

purpose of dealing with employers concerning such employees' hours, wages and working conditions within the meaning of Sections 142, 152, and 186 of Title 29, United States Code.

3. ILA Local 1604 (hereinafter "Local 1604") was a local union within the ILA and a labor organization which represented, sought to represent, and would admit to membership the linehandling employees of Boston Line in the Port of Boston and elsewhere and existed for the purpose of dealing with Boston Line concerning such employees' hours, wages, and working conditions, within the meaning of Sections 142, 152, 186, and 402 of Title 29, United States Code.

4. The ILA and the Boston Shipping Association, with which Boston Line was affiliated, established several employee benefit plans for the employees of Boston Line including the Retirement Account Plan; the Pension Plan; the Health, Welfare, and Clinic Fund; the Paid Holiday Fund; and the Central Records Bureau Vacation Pay Fund (collectively "the Boston ILA Plans").

5. The Boston ILA Plans were established or maintained as employee welfare and pension benefit plans subject to Title I of the Employee Retirement Income Security Act of 1974 (ERISA).

6. Defendant **FRANK RAGO** was a representative of employees of Boston Line in his capacities as President of Local 1604 from in or about April 1998 through the date of this Indictment and as

2

an ILA International Representative from on or about April 2001 through the date of this Indictment, within the meaning of Section 186(a)(1) of Title 29, United States Code. For many years until April 1998, Defendant FRANK RAGO's father served as President of Local 1604.

7. Defendant **FRANK RAGO** was an officer of Local 1604 in his capacity as President of Local 1604, and received an authorized salary for that position, from in or about April 1998 through the date of this Indictment, and a person employed by Local 1604 from on or about September 2003 through the date of this Indictment.

8. Defendant **LOUIS DESISTO** was an officer of Local 1604 in his capacity as Secretary-Treasurer for Local 1604 from in or about April 1998 through the date of this Indictment.

3

## COUNT ONE

### (18 U.S.C. § 1027)
### (Falsification of Document Required to Be Kept by ERISA)

### FRANK RAGO

1. The allegations contained in paragraphs 1 through 8 of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. From on or about October 2004 through May 2006, which dates are approximate and inclusive, within the District of Massachusetts and elsewhere, Defendant **FRANK RAGO**, together with others known to the grand jury, in documents required by Title I of ERISA to be kept as part of the records of employee welfare benefit plans and employee pension benefit plans, to wit: weekly remittance reports sent from Boston Line to the Boston ILA Plans, made and caused to be made false statements and representations of fact, knowing them to be false, and knowingly concealed, covered up, failed to disclose, and caused to be concealed, covered up and not disclosed facts the disclosure of which was required by Title I of ERISA and which were necessary to verify, explain, clarify and check for accuracy and completeness annual financial reports (Internal Revenue Form 5500 series) of the Boston ILA Plans required by Title I of ERISA to be filed with

the Department of Labor and to be published to plan participants for the period of October 1, 2004 to September 30, 2005, to wit: falsely recording hours of work for Boston Line which were not performed by Defendant RAGO's minor son, knowing such hours of work to be false, and knowingly omitting to disclose the true hours of work.

All in violation of Title 18, United States Code, Sections 1027 and 2.

### COUNT TWO

### (18 U.S.C. § 1519)
### (Falsification of Record in a Federal Investigation)

### LOUIS DESISTO

1. The allegations contained in paragraphs 1 through 8 of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. In or about and between the dates September 2003 and May 2005, which dates are approximate, within the District of Massachusetts and elsewhere, Defendant **LOUIS DESISTO**, together with others, knowingly altered, falsified, and made a false entry in documents, to wit: thirteen (13) secret ballots and a tally sheet bearing the date September 16, 2003, with the intent to impede, obstruct, and influence the investigation and proper administration of any matter within the jurisdiction of any department or agency of the United States, to wit: a grand jury investigation within the District of Massachusetts dated April 2005.

All in violation of Title 18, United States Code, Sections 1519 and 2.

### COUNT THREE

### 29 U.S.C. § 439(c)
(False Entry in Records Required by the LMRDA)

### FRANK RAGO

1. The allegations contained in paragraphs 1 through 8 of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. In or about and between the dates listed below, which dates are approximate and inclusive, within the District of Massachusetts and elsewhere, Defendant **FRANK RAGO** willfully made false entries in records required to be kept by Local 1604 under the Labor Management Reporting and Disclosure Act ('LMRDA'), Title 29, United States Code, Section 436, that is, vouchers for his travel expenses on behalf of Local 1604 for the dates indicated below bearing false entries with respect to the total value of expenses, the extent and nature of expenses, and the basis for reimbursement of those expenses, a record on matters required to be reported in the annual LM-3 Report of Local 1604 required to be filed with the Secretary of Labor for the dates indicated below:

| Count | Dates of Travel for RAGO | Record Required to be Kept | Record Required to be Filed |
|---|---|---|---|
| 7(a) | November 8-13, 2003 | Local 1604 Vouchers for RAGO's travel expenses | LM-3 for Local 1604 for the year 2003 |
| 7(b) | February 21-25, 2004 | Local 1604 Vouchers for RAGO's travel expenses | LM-3 for Local 1604 for the year 2004 |
| 7(c) | February 13-16, 2005 | Local 1604 Vouchers for RAGO's travel expenses | LM-3 for Local 1604 for the year 2005 |
| 7(d) | April 18-20, 2005 | Local 1604 Vouchers for RAGO's travel expenses | LM-3 for Local 1604 for the year 2005 |
| 7(e) | October 7-12, 2006 | Local 1604 Vouchers for RAGO's travel expenses | LM-3 for Local 1604 for the year 2006 |
| 7(f) | June 10-14, 2007 | Local 1604 Vouchers for RAGO's travel expenses | LM-3 for Local 1604 for the year 2007 |
| 7(g) | July 14-27, 2007 | Local 1604 Vouchers for RAGO's travel expenses | LM-3 for Local 1604 for the year 2007 |

All in violation of Title 29, United States Code Section 439(c).

## COUNT FOUR

### 29 U.S.C. § 439(a)
### (Failure to Maintain Records in Sufficient Detail in Records Required by the LMRDA)

### FRANK RAGO

1. The allegations contained in paragraphs 1 through 8 of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. In or about and between the dates listed below, which dates are approximate and inclusive, within the District of Massachusetts and elsewhere, Defendant **FRANK RAGO** willfully failed to maintain in sufficient detail in records required to be kept by Local 1604 under Title 29, United States Code, Section 436, that is, vouchers for food and drink expenditures Defendant **FRANK RAGO** placed on Local 1604's American Express card indicating authorized union business for the dates indicated below, records on matters required to be reported in the annual LM-3 Reports of Local 1604 required to be filed with the Secretary of Labor for the corresponding fiscal years for Local 1604:

9

| Count | Record Required to be Kept |
|---|---|
| 8(a) | LM-3 Report for Local 1604 for 2003 |
| 8(b) | LM-3 Report for Local 1604 for 2004 |
| 8(c) | LM-3 Report for Local 1604 for 2005 |
| 8(d) | LM-3 Report for Local 1604 for 2006 |
| 8(e) | LM-3 Report for Local 1604 for 2007 |

All violation of Title 29, United States Code, Section 439(a) and 18 U.S.C. § 2.

A TRUE BILL

*Mary Ann Anders*
FOREPERSON OF THE GRAND JURY

MICHAEL J. SULLIVAN
United States Attorney

*Suzanne Sullivan*
SUZANNE SULLIVAN
Assistant U.S. Attorney

_____
VINCENT J. FALVO, JR.
Trial Attorney
Department of Justice

DISTRICT OF MASSACHUSETTS			September 11, 2008 @ 11:08am

Returned into the District Court by the Grand Jurors and filed.

*Marc K. Bully*
Deputy Clerk

11